HLD-013(October 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-3060 & 10-3421
_____

LOUIS SINGLETON, JR.,
                                                    Appellant
v.

DA PHILADELPHIA; MAYOR MICHAEL NUTTER, City of Philadelphia;
MR. CHARLES RAMSEY, Police Commissioner; MR. MAURIZIO, Detectives #604
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-05148)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed February 14, 2011)
_____

OPINION
_____

PER CURIAM.

        Appellant Louis Singleton, Jr., who is proceeding pro se, seeks review of

the United States District Court for the Eastern District of Pennsylvania's dismissal of his

complaint.  For the following reasons, we will summarily affirm the district court's

judgment.

1

## I.

On April 7, 2010, Singleton filed an application to proceed in forma pauperis as well as a proposed complaint against Detective Matthew Maurizio, Philadelphia Police Commissioner Charles Ramsey, Philadelphia Mayor Michael Nutter, Philadelphia District Attorney Lynne Abraham, and an unknown police detective. He claimed that, on March 3, 2006, he was assaulted by Maurizio and his partner, and was subject to false charges for burglary. Singleton did not make any specific allegations as to Nutter, Ramsey, or Abraham. As relief, Singleton sought dental work, payment of his medical expenses, and compensation for pain and suffering. On April 14th, the district court entered an order granting Singleton's application to proceed in forma pauperis and directed that the complaint be filed. The district court also screened the complaint under 28 U.S.C. § 1915(e)(2) and dismissed Abraham and Nutter from the action. Construing the complaint as asserting claims under 42 U.S.C. § 1983, the district court determined that Abraham was shielded from suit by the doctrine of prosecutorial immunity, and that Singleton did not include any allegations that would allow it to find that Abraham or Nutter deprived Singleton of his civil rights.

Defendants Ramsey and Maurizio thereafter filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Singleton's claims were barred by the statute of limitations and that, as to defendant Ramsey, Singleton failed to allege any personal involvement in the alleged assault. Singleton did not respond to the motion. The district court granted the motion to dismiss and further ordered that the complaint was dismissed with prejudice based on the statute of

limitations. In making this decision, the district court also determined that equitable tolling of the statute of limitations was not appropriate.

Singleton now appeals.

**II.**

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm the district court's judgment because no substantial issues are presented by the appeal. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The district court properly dismissed the complaint as time-barred. Singleton's claims under 42 U.S.C. § 1983 are subject to a two-year statute of limitations. See Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (noting that there is a two-year statute of limitations for 42 U.S.C. § 1983 actions in Pennsylvania); 42 Pa. Cons. Stat. Ann. § 5524. The alleged assault of which Singleton complains occurred on March 3, 2006. Because there is no doubt that Singleton was immediately aware of his injury, his §1983 claim accrued on the same day. See Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Thus, the statute of limitations expired on March 3, 2008, two years before he filed his complaint. Further, to the extent that Singleton attempts to set forth a false arrest claim, that claim also accrued on March 3, 2006, the date that he states he was arrested and charges were filed against him. See Wallace v. Kato, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes

detained pursuant to legal process."). See also Dique v. New Jersey State Police, 603 F.3d 181, 187 (3d Cir. 2010).

In support of his appeal, Singleton asserts that the statute of limitations should be equitably tolled because, before October 2008, he was in a work release program where did not have access to a law library and could not obtain the information necessary for filing this lawsuit. He does not explain why he waited until April 2010 to file his lawsuit other than stating that "somehow the chain of events have . . . been broken since [his] initial filing" in October 2008. Equitable tolling is extraordinary relief, and is appropriate only when: (1) a defendant actively misleads a plaintiff regarding his or her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his or her claim in the wrong forum. Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). None of these circumstances is present in this case.

Further, the district court's decision to dismiss Abraham and Nutter from the action was not erroneous. It is unclear why Singleton named Abraham as a defendant, who would, of course, be entitled to immunity for decisions made in her official role. In any event, the district court also appropriately determined that Singleton did not set forth any allegations that would allow it to find that Abraham and Nutter personally participated in the deprivation of Singleton's constitutional rights. Nor do we see any way that Singleton might have amended his complaint to state a viable claim against any named defendant. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). As the district

4

court's August 4th order explained, granting leave to amend would be futile because "the litigation of this case would be time-barred."

For the foregoing reasons, we conclude that this appeal presents "no substantial question," 3d Cir. I.O.P. 10.6, and will thus summarily affirm the district court's judgment.  Singleton's motion for appointment of counsel is denied.